IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KERRY J. HALLSTROM,<br>No. M46309, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 16-cv-00107-MJR<br>) |
| Du QUOIN IIP, and<br>UNKNOWN PARTIES, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Kerry J. Hallstrom is an inmate currently housed at Big Muddy River Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to an assault that occurred while he was housed at the Du Quoin Impact Incarceration Program ("Du Quoin IIP"). DuQuoin IIP is a boot camp operated by the Illinois Department of Corrections; successful completion of the program can lead to a reduction of sentence. *See* http://www.illinois.gov/idoc/facilities/Pages/duquoinIIP.aspx.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, while at Du Quoin IIP in 2014, Plaintiff Hallstrom was "assaulted by John Doe 2nd shift."  The unidentified officer walked by several inmates, including Plaintiff, and "[hit] their heads off the wall."  As a result, Plaintiff's head was "busted" and his lip was split."

The day after the assault, an inmate told an officer what had happened.  An investigation ensued.  The inmates involved were held in segregation for 3-4 days and then sent to Dixon Springs IIP, which is another boot camp.  Staff at Dixon Springs retaliated (in unspecified ways) against the "Du Quoin Boys that lie on the Police." "I.A." (Internal Affairs) "from Springfield" continued to investigate, threatening segregation if the truth was not told, but the "story stayed the same."

The named defendants are "Du Quoin County IIP," and "John Doe(s) staff and I.A."—further described as "Staff of Du Quoin IIP/Correctional/Officers," with their address listed as the Illinois Department of Corrections in Springfield, Illinois. Plaintiff seeks monetary damages from all defendants.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** "John Doe 2nd shift" at Du Quoin IIP used excessive force against Plaintiff, in violation of the Eighth Amendment;
>
> **Count 2:** "John Doe" Dixon Springs IIP staff members retaliated against Plaintiff, in violation of the First Amendment; and
>
> **Count 3:** "John Doe" IDOC Internal Affairs Officers threatened Plaintiff with segregation if he did not tell the truth.

## Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

The allegations in the complaint regarding "John Doe 2nd shift" walking by Plaintiff and, with no apparent provocation, hitting his head off the wall with sufficient force to cause injuries, is sufficient to state an Eighth Amendment claim. Therefore, Count 1 will proceed against Du Quoin IIP staff member "John Doe 2nd shift."

**Count 2**

Count 2 pertains to the allegation that unidentified "John Doe" Dixon Springs IIP staff members retaliated against Plaintiff. Reading the compliant as a whole, it is implied that the retaliation was for Plaintiff and others reporting the assault.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). In order to state a First Amendment retaliation, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006); see also *Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008).

Even assuming Plaintiff was engaged in protected activity when speaking with Du Quoin officials about the assault, the complaint offers nothing more than an assertion that Dixon Springs IIP staff retaliated against him. No details are offered; therefore, the *Twombly* pleading threshold is not satisfied. As pleaded, Count 2 fails to state a First Amendment claim and will be dismissed without prejudice. Consequently, the unidentified "John Doe" staff at Dixon Springs IIP are dismissed as defendants.

**Count 3**

The complaint describes "John Doe" IDOC Internal Affairs officers threatening Plaintiff with segregation if he did not tell the truth. That bare allegation does not appear to state a constitutional violation. The "threat" is not characterized as retaliation. Whether a "threat" was even made is debatable. Not telling the truth during an investigation is certainly punishable, so what Plaintiff characterizes as a "threat" could also be merely a "warning" of the prescribed consequences for lying.

Count 3 and the unidentified Internal Affairs officers will be dismissed without prejudice.

**Identification of "John Doe 2nd shift" & Motion for Counsel**

Count 1 is proceeding against "John Doe 2nd shift," but how to effect service of process upon the unknown individual begs the question of whether Plaintiff can proceed *pro se*. *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). Plaintiff has moved for recruitment of counsel (Doc. 3). He cites his relative poverty, his high school education, and lack of legal training.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). As members of the legal profession and officers of the court, lawyers have an ethical obligation to indigent litigants seeking justice. See

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In accordance with *Pruitt* and Local Rule 83.1, members of the district court bar have a duty to accept *pro bono* assignments.

When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. As the Seventh Circuit recently emphasized, the inquiry is a practical one, and judges abuse their discretion when they fail to consider the growing complexities as a case progresses from the pleading stage, to discovery, dispositive motions and trial. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015); *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015); *Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015).

Plaintiff's motion for counsel fails because he has not indicated that he has made *any* effort to secure counsel, but that does not end the analysis. The Court recognizes that Plaintiff is no longer at Du Quoin IIP, which adds to the difficulty of discovering the identity of "John Doe 2nd shift." However, that predicament is not unusual.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names

of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

Under the circumstances presented, the Court finds that Du Quoin IIP's superintendent, Jason Henton (or whoever holds that office at the moment), is best suited to respond to discovery aimed at identifying "John Doe 2nd shift." It is reasonable to believe that individual is identified in incident reports or investigative materials available to the superintendent. Accordingly, the Clerk will be direct to add Superintendent Henton as a defendant, in his official capacity only. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d). Once the name of "John Doe 2nd shift" is discovered, Plaintiff shall (1) file an amended complaint naming that person in the case caption and throughout the pleading, and (2) request dismissal of the superintendent as a defendant.

Plaintiff's motion for counsel (Doc. 3) will be denied without prejudice. Because Plaintiff has been granted pauper status (Doc. 6), his motion for service of process at government expense (Doc. 4) will be denied as moot. The Court will order service of process upon Superintendent Henton.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Counts 2 and 3, and any and all unknown defendants, <u>except</u> "John Doe 2nd shift," are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendant "John Doe 2nd shift" in his individual capacity.

**IT IS FURTHER ORDERED** that the Clerk shall **ADD DU QUOIN IIP SUPERINTENDENT JASON HENTON (or his successor in office)** as a defendant in his official capacity, only for the sole purpose of responding to discovery aimed at identifying the unknown defendant, "John Doe 2nd shift."

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice** and Plaintiff's motion for service of process at government process (Doc. 4) is **DENIED as moot**.

The Clerk of Court shall prepare for Defendant **DU QUOIN IIP SUPERINTENDENT JASON HENTON (or his successor in office)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of

employment:  **Du Quoin IIP, 275 Agriland Acres Dr., Du Quoin, IL 62832**.

Service shall not be made on the unknown "John Doe" defendant until such time as Plaintiff has identified him by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

If Defendant Henton or his successor in office fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Although Defendant Henton is only in this case in his official capacity for purposes of discovery aimed at identifying "John Doe 2nd shift," Henton (or his successor in office) is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g), thus ensuring that he has properly entered his appearance in this action.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, and to manage discovery directed to Defendant Henton and aimed at securing the identity of "John Doe 2nd shift."

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and

may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 1, 2016**

> s/ *Michael J. Reagan*
> **MICHAEL J. REAGAN**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**